UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SANDY R. CLARKE,

                  Plaintiff,

    v.

WAL-MART STORES, INC., dba Wal-Mart, a Delaware Corporation; and INTERPATH LABORATORY, INC., an Oregon Corporation,

                  Defendants.

No. CV04-515

OPINION AND ORDER

**MOSMAN, J.,**

Defendants, Wal-Mart Stores, Inc. ("Wal-Mart") and Interpath Laboratory, Inc. ("Interpath"), each filed a timely Bill of Costs (#80 and #82) after their respective successful motions for summary judgment and entry of judgment. Plaintiff did not file any objection to Defendants' Bill of Costs and the opportunity to do so has passed.

Pursuant to Fed. R. Civ. P. 54(d)(1), L.R. 54.1, and 28 U.S.C. §§1920 and 1923, Wal-Mart seeks $1,055.63 and Interpath seeks $362.85 in costs. I find that Wal-Mart's Bill of Costs includes items that are not recoverable, and therefore I only award Wal-Mart costs in the amount of $766.35. I find no error in Interpath's Bill of Costs, and therefore award Interpath the full amount it was seeking–$362.85.

**Analysis**

The District Court has discretion in awarding costs, but that discretion is limited to those costs enumerated in 28 U.S.C. §1920. *Alflex Corp. v. Underwriters Labs, Inc.,* 914 F.2d 175, 177 (9th Cir. 1990). Section 1920 provides in relevant part:

PAGE 1 - OPINION AND ORDER

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title...

28 U.S.C. § 1920.

### I.) Wal-Mart

Wal-Mart submitted the following Bill of Costs totaling $1,055.63:

> $150.00 - District Court Filing Fees
> $586.35 - Deposition Transcripts
> $289.28 - Documents produced to Plaintiff during discovery
> $ 30.00 - Docket Fees

The costs associated with producing documents to Plaintiff during discovery are not recoverable under § 1920. Under the statute, prevailing parties may not recover the photocopying expenses they incurred copying documents to be produced in discovery because they are not copies of papers "necessarily obtained for use in the case." *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093 (D. Minn.1999). Similarly, in the present case, Wal-Mart's description of "Documents produced to Plaintiff during discovery," does not comport with §1920's rule that one can recover costs of "fees for exemplification and copies of papers necessarily obtained for use in the case." As such, Wal-Mart's request for costs is reduced by $289.28, and it is awarded $766.35.

### II. Interpath

Interpath seeks the following costs totaling $362.85:

$337.85 - Deposition Transcripts
$ 25.00 - Docket Fees

I find this request complies with the fees enumerated under §1920.  Thus, Interpath's Bill of Costs is awarded in total.

**Conclusion**

Wal-Mart's Bill of Costs is GRANTED IN PART AND DENIED IN PART and it is awarded $766.35.  Interpath's Bill of Costs is GRANTED.

IT IS SO ORDERED.

DATED this   23rd    day of January, 2006.


 /s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court